

**FILED**

**JUL 15 2008**

**MAGISTRATE JUDGE JEFFREY COLE**
**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 531 |
| v. | ) | |
| | ) | |
| LORENZON INGRAM, | ) | Hon. Jeffrey Cole |
| MARTEL JACKSON | ) | |
| ANTOINE JACKSON | ) | |
| CRYSTAL JACKSON | ) | |
| CHRISTOPHER MOSBY | ) | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court for a protective order relating to the disclosure of certain applications, orders, and affidavits to be disclosed to defendants and defense counsel, as contemplated by Title 18, United States Code, Section 2518(9).

In support of this motion, the government states as follows:

1. On July 8, 2008, Martel Jackson was arrested, and on July 9, 2008, Crystal Jackson was arrested in the above-referenced case. The arrests followed an investigation which included the interception of certain wire communications pursuant to orders issued by the Chief Judge or Acting Chief Judge in accordance with Title 18, United States Code, Section 2518, on or about May 14, 2007, June 4, 2007, and June 13, 2007.

2. Under Title 18, United States Code, § 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal.

3. Although no preliminary hearings or detention hearings are currently scheduled in this case, the government has agreed to provide early discovery to M. Jackson and C. Jackson. In accordance with its disclosure obligations under Section 2518(9) and Rule 16.1, the government intends to produce copies of the sealed applications, affidavits, and orders dated May 14, 2007, June

4, 2007, and June 13, 2007 authorizing the interception of wire communications to defendants and their counsel in connection with the early disclosure agreements. The applications, affidavits, and orders contain sensitive information, the disclosure of which would have a detrimental impact on the government's continuing investigation. Therefore, the government intends to redact certain information from these pleadings prior to their disclosure to defendants and their counsel.

    4.    The government requests the Court to direct that the release of the applications, affidavits, and court orders, as well as any recordings, reports, and other materials that may be turned over in connection with this matter, be subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendants, defendants' counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendants or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than defendants, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that any copies of the materials made by defendants or defendants' counsel shall be treated as set forth above; and (e) that violation of this Order may result in the imposition of civil and criminal sanctions. However, the restrictions set forth in the requested protective order should not apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

    5. The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information. Subsumed in these constraints and, indeed, the driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but whom not have been charged. Although the wiretap applications,

affidavits and orders are being disclosed to defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b). These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction." 18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).

WHEREFORE, the government respectfully moves this Court for an order directing that the sealed applications, affidavits, and orders dated May 14, 2007, June 4, 2007, and June 13, 2007, authorizing the interception of wire communications, which are being provided to defendants and their defense counsel as contemplated by Title 18, United States Code, Section 2518(9), be subject to a protective order as described above in connection with the preliminary and detention hearings in this case. The government also respectfully moves this Court to order that any other recordings, reports, and investigative materials that may be turned over in connection with this case be subject to the protective order described above.

                                              Respectfully submitted,

                                              PATRICK J. FITZGERALD
                                              United States Attorney

By: _____
      LELA D. JOHNSON
      Assistant United States Attorney
      219 South Dearborn Street, Suite 500
      Chicago, Illinois 60604
      312-353-4320

Filed: July 14, 2008